**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

June 11, 2020

Gregory V. Varallo, Esq.
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
500 Delaware Avenue, Suite 901
Wilmington, DE 19801

Brock E. Czeschin, Esq.
Susan M. Hannigan, Esq.
Angela Lam, Esq.
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

Carl D. Neff, Esq.
E. Chaney Hall, Esq.
FOX ROTHSCHILD LLP
919 N. Market Street, Suite 300
Wilmington, DE 19801

RE: *In re Tile Shop Holdings, Inc. Litigation*, Consol. C.A. No. 2019-0892-SG

Dear Counsel:

Yesterday, June 10, 2020, I granted the Defendants' Motion for Leave to Amend Answer (the "Motion").[1] The Defendant directors sought to expressly plead an exculpatory clause in Tile Shop Holdings, Inc.'s charter as an affirmative defense against the Plaintiffs' allegations of breach of the fiduciary duty of care.[2] This

---

[1] Order, D.I. 215.
[2] Defs. Robert A. Rucker, Peter J. Jacullo III, Peter H. Kamin, Cabell Lolmaugh, Todd Krasnow, and Philip B. Livingston's Mot. for Leave to Amend Answ., D.I. 209.

affirmative defense was, oddly, omitted from the Defendants' original Answer (the "Answer").[3] The Plaintiffs oppose, pointing out that five months have passed since the Answer was filed, that this is an expedited matter, and that discovery has taken place with the assumption that the duty of care was implicated here.[4] They note that trial is quickly approaching.[5] As a result, they allege prejudice would result from the proposed amendment, and oppose, essentially, on grounds of laches in the Defendants' assertion of their affirmative defense. Last night, Plaintiffs filed an opposition brief asking that I therefore deny the Defendants' Motion.

In a typical case, I would allow briefing on the Defendants' Motion and Plaintiffs' opposition, based on the objection just described. I do not take lightly allegations of prejudice due to delay in the assertion of affirmative rights by litigants. The circumstances here, however, convince me otherwise.

Under our rules, leave to amend a pleading, while addressed to the discretion of the Court, is freely granted as equity requires.[6] The Answer was filed on

---

[3] *See* Answ., D.I. 50.

[4] Order Granting Mot. for a Temporary Restraining Order and Expedited Proceedings, D.I. 31.

[5] The Plaintiffs' opposition brief states that the parties agreed to adjourn trial until July 13–15, 2020 given a substitution of counsel and the COVID-19 pandemic, however, on May 28, 2020, trial was postponed from the July dates to August 11–14, 2020. *See* Pl.'s Opp'n to Defs.' Mot. for Leave to Amend Answ., D.I. [_], at 10.

[6] Ch. Ct. R. 15(a); *see Hendry v. Hendry*, 2005 WL 3359078, at *6 (Del. Ch. Dec. 1, 2005) ("Motions to amend often are granted at the discretion of the court unless there is serious prejudice to a party opposing the motion."); *McAllister v. Kallop*, 1993 WL 104626, at *6 (Del. Ch. Mar. 19, 1993) ("Rule 15(a) states that [leave to amend] shall be freely given when justice so requires.").

November 26, 2019.[7] The Defendants' Motion was filed on May 12, 2020.[8] I withheld any action on the Motion to allow the Plaintiffs an opportunity to respond. When no response was forthcoming after four weeks, I granted the Motion yesterday, June 10, 2020. Last night, after the close of business, I received Plaintiffs' brief in opposition. I note that a proposed—non-stipulated—schedule for briefing the Motion for Leave to Amend was filed by Plaintiffs on June 9, 2020, as part of a larger Third Amended [Proposed] Scheduling Order.[9] At no point did the Plaintiffs communicate their opposition to the Motion to chambers before submitting their proposed scheduling order on June 9, 2020.

This is an expedited matter. The assertion of the exculpation clause as a defense was dilatory. The assertion of an objection to the proposed amendment was dilatory. I suspect there is some prejudice threatened on one side or the other as a result, regardless of how I now proceed.[10] The assertion of the exculpation clause serves a core function of this Court—determining matters on the merits given the full facts pertaining thereto.[11] The Plaintiffs have asserted both care and loyalty

---

[7] Answ., D.I. 50.
[8] Defs. Robert A. Rucker, Peter J. Jacullo III, Peter H. Kamin, Cabell Lolmaugh, Todd Krasnow, and Philip B. Livingston's Mot. for Leave to Amend Answ., D.I. 209.
[9] Letter, D.I. 214, Ex. A.
[10] *See Brown v. Ocean Drilling & Expl. Co.*, 1977 WL 9543, at *2 n.3 (Del. Ch. Nov. 1, 1977) ("Prejudice is the strongest reason for disallowing a proposed amendment to pleadings.").
[11] *See Brunswick Corp. v. Colt Realty, Inc.*, 253 A.2d 216, 220 (Del. Ch. 1969) ("In exercising [the Court's] discretion I am moved by the desire to see the litigation decided on its merits and to get before the Court all of the facts which will help achieve that objective.").

claims; the Amended Answer will cause them to alter their strategy with respect to that portion of the Action seeking damages. The resulting prejudice, I believe, can be ameliorated by adjusting the outstanding scheduling order, which I will consider liberally if requested. The Plaintiffs may also seek to recover fees in the way of the costs of redundant discovery necessary because of the late assertion of the exculpatory clause, if they find it appropriate to do so. But in light of all the circumstances here, I find the amendment in the interests of justice, and I decline to withdraw my order granting the Motion for Leave to Amend.

To the extent the foregoing requires an order to take effect, it is SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

4